UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CEDRIC GREENE, | ) | 1:07-CV-00429 LJO SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION WITH |
| | ) | LEAVE TO FILE AMENDED PETITION |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO SEND PETITIONER BLANK FORM |
| WILLIAM SULLIVAN, | ) | PETITION FOR WRIT OF HABEAS |
| | ) | CORPUS |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On March 20, 2007, Petitioner filed the instant petition for writ of habeas corpus in this Court.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

B.   <u>Failure to State a Discernable Claim</u>

Petitioner must state his claim with sufficient specificity. <u>See</u> <u>Hendricks v. Vasquez</u> 908 F.2d at 491-92; <u>Wacht v. Cardwell</u>, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases (emphasis added) states:

> The petition must:
> (1) *specify all the grounds for relief available to the petitioner;*
> (2) *state the facts supporting each ground;*
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition fails to present any grounds for relief. Petitioner asks for a restoration of good time credits which he allegedly lost at North Kern State Prison, and it appears that the loss of credits may have been due to a disciplinary proceeding. Further, Petitioner alleges a number of constitutional rights were violated during the proceeding. However, Petitioner fails to state what these violations were and how they resulted in a loss of his credits.

The Court cannot discern Petitioner's claims from the information provided.  Petitioner fails to identify any of his grounds for relief with any specificity and he fails to support his claims with sufficient facts.  Therefore, the petition must be dismissed. Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completely filled-out petition with cognizable federal claims clearly stated) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated. Petitioner is advised that the amended petition should be titled "First Amended Petition" and must reference the instant case number.

**ORDER**

Accordingly, the petition for writ of habeas corpus is hereby DISMISSED.  Petitioner is

1  GRANTED thirty (30) days from the date of service of this order to file an amended petition in
2  compliance with this order. The Clerk of Court is DIRECTED to send Petitioner a form petition
3  pursuant to 28 U.S.C. § 2254.
4  IT IS SO ORDERED.
5  **Dated:   July 10, 2007**                              **/s/ Sandra M. Snyder**
                                                          UNITED STATES MAGISTRATE JUDGE